NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID ABARA, <br><br>           Petitioner-Appellant, <br><br>    v. <br><br> JACK PALMER; ATTORNEY GENERAL FOR THE STATE OF NEVADA, <br><br>           Respondents-Appellees. | No.   17-17103 <br><br> D.C. No. <br> 3:10-cv-00688-HDM-VPC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted September 9, 2019[**]
San Francisco, California

Before:  GOULD, BEA, and FRIEDLAND, Circuit Judges.

David Abara appeals the district court's denial of his 28 U.S.C. § 2254

habeas corpus petition challenging the Nevada Supreme Court's determination that

his waiver of right to counsel was valid under *Faretta v. California*, 422 U.S. 806,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

835 (1975). We affirm.

We review de novo the district court's decision to grant or deny a petition for habeas corpus. *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir. 2000). We may grant habeas relief to a state prisoner "on a claim 'adjudicated on the merits' in state court only if the decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009) (quoting 28 U.S.C. § 2254(d)(1)). Federal habeas relief is unavailable so long as "'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Abara argues that the Nevada Supreme Court unreasonably applied *Faretta* to conclude that he had voluntarily chosen to represent himself because Abara's only other option besides self-representation was representation by counsel with whom he had an irreconcilable conflict. We disagree.

Abara's contention turns on whether he had an irreconcilable conflict with his counsel. To prove an actual conflict, Abara must show that there was "an incompatibility between . . . the lawyer's own private interest and those of the client." *Plumlee v. Masto*, 512 F.3d 1204, 1210 (9th Cir. 2008) (en banc). "[T]here is no Sixth Amendment right to 'a meaningful relationship between an

2

accused and his counsel," *id.* at 1210-11 (quoting *Morris v. Slappy*, 461 U.S. 1, 14 (1983)), so a showing that the conflict was based in the defendant's having "refuse[d] to cooperate because of dislike or distrust" without any evidence of other actual conflicts of interest is insufficient to prove a Sixth Amendment violation. *Id.* at 1211.

Here, the state trial court conducted a lengthy inquiry into the alleged conflicts before trial. Abara's complaint that his lawyer had failed to communicate with him was undercut when he did not dispute his lawyer's statements that they were in communication, and his complaint generally appeared to be based primarily on frustration with case delays and a competency evaluation conducted against his will, neither of which demonstrate an irreconcilable conflict. Abara's other assertions that his lawyer had previously worked as a prosecutor and worked as an independent contractor with a large law group that Abara had sued as part of a class action similarly failed to identify a specific "incompatibility." As a result, the Nevada Supreme Court did not unreasonably apply clearly established law to conclude that Abara's decision to represent himself was voluntary.

Abara separately contends that the Nevada Supreme Court unreasonably erred in concluding that Abara had voluntarily, knowingly, and intelligently waived his right to counsel to represent himself because Abara was not competent to do so under *Indiana v. Edwards*, 554 U.S. 164 (2008). Even if *Edwards* applied

3

retroactively to cases like Abara's whose direct appeal had concluded by the time it was decided (which the Supreme Court has not held it does), Abara misstates *Edwards*'s holding. The Court held in *Edwards* that "the Constitution *permits* States to insist upon representation by counsel for those competent enough to stand trial . . . but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves." 554 U.S. at 178 (emphasis added). *Edwards* did not take away a state's ability to allow self-representation so long as the defendant is competent to stand trial. The Supreme Court's decision in *Edwards* therefore does not render erroneous the Nevada Supreme Court's determination that Abara could lawfully represent himself.

**AFFIRMED.**